IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **JOSEPH STEPHEN TAYLOR, III, and** | : | |
| **LINDA MCCOMBS TAYLOR,** | : | |
| | : | **Bankruptcy No. 05-28605-MBM** |
| Debtors. | : | |
| | : | |
| **David Taylor and Michele Taylor,** | : | Chapter 7 |
| Plaintiffs, | : | |
| | : | |
| v. | : | **Adversary No. 06-2045-MBM** |
| | : | |
| **Joseph Stephen Taylor, III, and** | : | |
| **Linda McCombs Taylor,** | : | |
| Defendants. | : | |

Appearances:   Robert O. Lampl, for Joseph and Linda Taylor.
Darlene M. Nowak, for David and Michele Taylor.

## **MEMORANDUM**

**AND NOW,** this **19th day** of **December, 2006**, upon consideration of the motion by Joseph and Linda Taylor, the instant debtors and defendants in the instant adversary proceeding (hereafter "the Debtors"), for reconsideration of this Court's order dated October 5, 2006 (such motion hereafter referred to as "the Second Reconsideration Motion"), which order in turn denied the Debtors' motion for reconsideration of this Court's order dated August 17, 2006 (such motion hereafter referred to as "the First Reconsideration Motion"), which latter order in turn denied the Debtors' motion to set aside this Court's entry of a default judgment against the Debtors by order dated March 3, 2006 (such motion hereafter referred to as "the Rule 60(b)(1) Motion");

and upon consideration of the response by David and Michele Taylor, the

plaintiffs in the instant adversary proceeding (hereafter "the Plaintiffs"), to the Second Reconsideration Motion;

and upon consideration of all of the pleadings filed in the instant adversary proceeding including, *inter alia*, the Plaintiffs' complaint that commenced the instant adversary proceeding, that is the Plaintiff's objection to the Debtors' Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(3), (4)(D), (5) and (6)(C), which objection to discharge was sustained by virtue of the Court's entry of the default judgment against the Debtors by order dated March 3, 2006 (hereafter "the Default Judgment");

and after notice and a hearing on the Second Reconsideration Motion held on November 30, 2006;

and upon reflection again by the Court of the dialogue between the parties, as well as by another of the Debtors' creditors, at the hearing that preceded the Court's entry of the October 5, 2006 order that denied the First Reconsideration Motion;

it is **hereby determined that the Court shall issue an order to the effect** that the Second Reconsideration Motion is **DENIED WITH PREJUDICE**. The rationale for the Court's decision is briefly set forth below.

**I.**

Relief from a default judgment can only be obtained "in accordance with Rule 60(b)" – i.e., Fed.R.Civ.P. 60(b). *See* Fed.R.Civ.P. 55(c), 28 U.S.C.A. (West 1992); Fed.R.Bankr.P. 7055, 11 U.S.C.A. (West 2005) (making Rule 55

applicable to adversary proceedings). The Debtors argue in each of their reconsideration motions that they were entitled, via the Rule 60(b)(1) Motion, to relief from the Default Judgment via Rule 60(b)(1) on the basis of their own, or rather their initial (and now former) counsel's (hereafter referred to as "former counsel"), "mistake, inadvertence, ... or excusable neglect."

In the Third Circuit a party may obtain relief from a default judgment via Rule 60(b)(1) based upon an application of a three-part test wherein the following are considered: (1) "whether vacating the default judgment will visit prejudice on the plaintiff, [(2)] whether the defendant has a meritorious defense, and [(3)] whether the default was the result of the defendant's culpable conduct." Harad v. Aetna Casualty and Surety Co., 839 F.2d 979, 982 (3rd Cir. 1988) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3rd Cir. 1984)). However, a threshold matter that must be satisfied before one can prevail on a Rule 60(b)(1) motion is that such motion be filed timely; put differently, one cannot prevail on a Rule 60(b)(1) motion by simply succeeding with respect to, and thus a court need not even engage in, the three-part analysis just set forth if a Rule 60(b)(1) motion is not filed timely. *See* DeFeo v. Allstate Insurance Company, 1998 WL 328195 at 5 (E.D.Pa. 1998) ("a Rule 60(b) movant as a threshold matter must provide 'a good reason for any delay in filing'"). The basis for the preceding statement of the law is Rule 60 itself, which rule provides, in particular, that "[t]he motion shall be made within a reasonable time, and for ... [the purpose of Rule 60(b)(1)] not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b), 28 U.S.C.A. (West

3

1992); *see also* Fleet v. United States Consumer Council, Inc., 70 B.R. 845, 850 (E.D.Pa. 1987) (after setting forth the aforesaid 3-part test, then holding that "[f]urthermore, to set aside a default judgment, the Court, in accordance with Fed.R.Civ.P. 60(b), must determine whether the motion was made 'within a reasonable time'"); Reid v. Liberty Consumer Discount Company of Pennsylvania, 484 F.Supp. 435, 438 (E.D.Pa. 1980) (same).

The Debtors, as one would expect, contend that (a) the Rule 60(b)(1) Motion was timely filed, that is that such motion was filed within a reasonable time, and (b) an application of each of the three factors set forth above to their circumstances warranted relief from the Default Judgment. The Plaintiffs disagree with each of the foregoing contentions by the Debtors.

**II.**

As an initial matter, the Court rules, as it did when it denied the Rule 60(b)(1) Motion, that such motion was not filed timely, that is such motion was not filed within a reasonable time. The basis for such conclusion by the Court is set forth below.

The Debtors took roughly five and one-half (5 ½) months to file the Rule 60(b)(1) Motion; such period comprises the time between March 3, 2006, which date is when the Court entered the Default Judgment, and August 15, 2006, which date is when the Debtors filed the Rule 60(b)(1) Motion. The Court does not understand the Debtors to argue that, just because they filed the Rule 60(b)(1) Motion within one year after this Court's entry of the Default Judgment, such motion is deemed to have necessarily been filed within a reasonable time

4

for purposes of Rule 60(b)(1). The Debtors' decision not to make such argument is well-advised. *See* In re USN Communications, Inc., 288 B.R. 391, 396 (Bankr.D.Del. 2003) ("A motion filed under Civil Procedure Rule 60(b) is not considered timely just because it is filed within the one-year time limit"); DeFeo, 1998 WL 328195 at 5 ("The one year period, applicable to subsections (1) – (3) [of Rule 60(b)], is an outer limit and any Rule 60(b) motion is subject to denial if it is not also made within a reasonable time after the basis for relief is known"); In re J.B. Winchells, Inc., 106 B.R. 384, 389 (Bankr.E.D.Pa. 1989) (same). Instead, what the Court understands the Debtors to argue is (a) that, as a matter of law, six months is *per se*, that is six months will always be, within a reasonable time to move for the vacation of a default judgment under Rule 60(b)(1), (b) that their 5 ½-month delay in filing the Rule 60(b)(1) Motion is less than six months, and (c) that the Rule 60(b)(1) Motion was thus filed within a reasonable time.

As the sole support for their position that six months is always a reasonable time within which to move for the vacation of a default judgment under Rule 60(b)(1), the Debtors cite to the Third Circuit's decision in Medunic v. Lederer, 533 F.2d 891 (3rd Cir. 1976). Unfortunately for the Debtors, the Third Circuit in Medunic, contrary to what the Debtors now argue, did not establish some sort of a six-month safe harbor for measuring the timeliness of filing a Rule 60(b)(1) motion to set aside a default judgment. Instead, the Third Circuit in Medunic held only that a mere 34-day delay in moving to set aside a default judgment under Rule 60(b)(1) constituted a reasonable time under the circumstances presented within Medunic within which to so move. *See* Medunic,

533 F.2d at 893-94 (delay from June 4, 1974, to July 8, 1974, in filing Rule 60(b)(1) motion to set aside default is within reasonable time). In the course of so ruling, the Third Circuit observed that another court, namely the D.C. Circuit Court of Appeal in Erick Rios Bridoux v. Eastern Air Lines, 214 F.2d 207, 210 (D.C.Cir. 1954), had "held that six months 'was within a reasonable time [therein] (to move for vacation of a default judgment) [under Rule 60(b)].'" Medunic, 533 F.2d at 894 (quoting Erick Rios Bridoux decision). However, such observation notwithstanding, the Third Circuit in Medunic had no need itself to rule, and thus did not rule, that six months was within a reasonable time, either *per se* or therein, to move for vacation of a default judgment under Rule 60(b).

This Court is consequently unaware of any binding case precedent for the proposition that six months, 5 ½ months, or, even for that matter, 34 days necessarily constitutes a reasonable time within which to move under Rule 60(b)(1) for relief from a default judgment. However, this Court observes that lower courts within the Third Circuit have held, subsequent to the Third Circuit's decision in Medunic, that three months is too long to wait before moving under Rule 60(b)(1) to set aside a default judgment. *See* Fleet, 70 B.R. at 850-51; In re Johnson, 24 B.R. 832, 833 (Bankr.E.D.Pa. 1982). The Court also notes that lower courts within the Third Circuit have expressly applied the doctrine of "[l]aches ... [to] preclude a party from [Rule 60(b)] relief, even though the [Rule 60(b)] motion is made within the maximum time allowed by the rule." Winchells, 106 B.R. at 389; In re U.S. Metalsource Corp., 163 B.R. 260, 268 (Bankr.W.D.Pa. 1993).

6

This Court holds that the Debtors' delay of 5 ½ months prior to moving for Rule 60(b)(1) relief from the Default Judgment is unreasonable not only because of the length of such delay but also, and most importantly, because the Debtors have no excuse for such delay. The Court holds that the Debtors have no excuse for such delay given that (a) their former counsel was notified as early as March 6, 2006, by electronic (i.e., ECF) notification of the Court's entry of the Default Judgment, and (b) the Debtors were personally notified of the Default Judgment by virtue of the Court's mailing to them of a hard copy thereof on March 8, 2006. Indeed, the Court holds that the Debtors have no excuse for (a) not even having corrected their mistake that apparently ultimately led to the Court's March 3, 2006 entry of the Default Judgment – i.e., the misfiling by the Debtors of their answer to the Plaintiffs' objection to discharge – sufficiently prior to March 3, 2006, so as to avoid entry of the Default Judgment in the first place given that the Debtors (or at least their former counsel) were notified by electronic (i.e., ECF) notification on February 16, 2006, of the aforesaid misfiling of their answer, or (b) waiting until June 16, 2006, to ultimately correct the misfiling of such answer.

The Court also holds that an application of the doctrine of laches to the instant matter precludes the Rule 60(b)(1) relief from the Default Judgment that was, and is presently, sought by the Debtors. The Third Circuit has held that:

> There are thus at least two elements which must be considered by the district court before a determination of laches can be made other than a mere lapse of time; inexcusable delay in light of the

7

equities of the case and prejudice to the defendant.

Burke v. Gateway Clipper, Inc., 441 F.2d 946, 949 (3rd Cir. 1971) (quoted in Metalsource Corp., 163 B.R. at 268). As just held in the immediately preceding paragraph, the Debtors' 5 ½-month delay prior to moving for Rule 60(b)(1) relief from the Default Judgment is patently inexcusable. As well, prejudice would have resulted had the Court granted the Rule 60(b)(1) Motion in August 2006 given (a) that the time for others to object to the Debtors' Chapter 7 discharge passed during the course of the aforesaid 5 ½-month delay, (b) that Tetra Pak Credit, another of the Debtors' creditors who had undertaken an investigation of the Debtors and who was contemplating itself also filing an objection to the Debtors' discharge, discontinued such investigation and refrained from so objecting to such discharge in reliance upon both the existence of the Default Judgment and the Debtors' inaction in seeking Rule 60(b)(1) relief to set the same aside, which reliance was entirely reasonable given, as just set forth, the Debtors' inexcusable delay in moving for such relief, (c) that countless other creditors potentially also similarly reasonably relied and refrained from objecting to the Debtors' discharge, (d) the adverse impact that such delay potentially has had on the existence of the Debtors' records, not to mention the Debtors' memories regarding the same, particularly since, as the docket in the Debtors' bankruptcy case readily shows, the Debtors have been anything but forthcoming with respect to such records throughout the course of such case, and (e) the consequent additional opportunity that such delay afforded the Debtors to lose or transfer documents and/or assets, which loss/transfer of documents/assets is a

genuine concern for both creditors in this case as well as the Court.

Finally, the Court rejects outright the Debtors' position that (a) the aforesaid inexcusable delay of 5 ½ months in moving for Rule 60(b)(1) relief is entirely attributable to their former counsel, (b) they thus cannot be held personally accountable for such inexcusable delay, and (c) the Rule 60(b)(1) Motion must accordingly be deemed to have been timely filed for purposes of Rule 60(b)(1). First of all, even if such delay is due entirely to the inexcusable neglect of such counsel, "[t]he [U.S.] Supreme Court has made it clear that the neglect of the attorney is to be treated as the neglect of the client." Mayfield v. Vanguard Savings & Loan Association, 1989 WL 106986 at 2 (E.D.Pa. 1989) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (U.S. 1962); also pointing out, as at least partial support for the foregoing rule, that one cannot choose an attorney, voluntarily retain him or her throughout a case, and then avoid the consequences of such choice). As well, "there is no constitutional or statutory right to effective assistance of counsel in a civil case." Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (holding that "[t]he stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment ... do not apply to civil proceedings," and that a party injured by inadequate counsel "has as its remedy a suit against the attorney for malpractice"); *see also* In re Wilson, 282 B.R. 278, 283-84 (Bankr.M.D.Ga. 2002) (same). In light of the foregoing, the Debtors are not entitled to distance themselves from the inexcusable neglect of their former counsel, that is the Court cannot simply overlook such neglect by such counsel and deem the Rule 60(b)(1) Motion to have been filed in a timely manner. *See*

Mayfield, 1989 WL 106986 at 2 (because "[t]he purpose of Rule 60(b) is not to give relief to clients who feel they did not choose the best lawyer for the job," Rule 60(b) relief cannot be granted to the extent that it is sought in a civil case on the basis of inadequate counsel).  Second, the Court cannot, in any event, disregard the aforesaid inexcusable delay of 5 ½ months by the Debtors' former counsel in moving for Rule 60(b)(1) relief for to do so would be to thereby countenance the Debtors' own inexcusable neglect in failing to either monitor the assistance of such former counsel or promptly secure new counsel upon learning of the ineffective representation by such former counsel.  Therefore, ineffective representation by the Debtors' former counsel does not, in any way, constitute a ground for deeming the Rule 60(b)(1) Motion to have been filed in a timely manner.

In light of all of the foregoing, the Court rules that the Rule 60(b)(1) Motion was not timely filed, that is such motion was not filed within a reasonable time. Because the Rule 60(b)(1) Motion was not timely filed, the Debtors were not entitled to the Rule 60(b)(1) relief that they sought via such motion, which conclusion (a) dictated the Court's August 17, 2006 decision to deny such motion, and (b) compels the Court to now deny with prejudice the Second Reconsideration Motion.  The Court also notes that, because the Rule 60(b)(1) Motion was not timely filed, the Court was free to dispose of such motion – as it is now free to dispose of the Second Reconsideration Motion – without engaging in the three-part analysis devised by the Third Circuit for adjudicating Rule 60(b)(1) motions that have been brought to set aside default judgments.  The

10

Court nevertheless engaged in such three-part analysis before denying the Rule 60(b)(1) motion, and will now proceed to address, very briefly, each of the factors that comprise such three-part analysis.

### III.

**A.    Whether the Default Judgment and the Debtors' 5 ½-month delay in seeking to set the same aside were the result of the Debtors' culpable conduct?**

In the Third Circuit,

> [a]ppropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated. Certainly "willfulness" and "bad faith" include acts intentionally designed to avoid compliance with court notices. The case law, however, is bereft of precedent limiting the availability of default judgment to this narrow band of "knowing" disregard for court-mandated procedures. *Reckless disregard for repeated communications from plaintiffs and the court*, combined with the failure to investigate the source of a serious injury, *can satisfy the culpable conduct standard*.

Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3rd Cir. 1984) (emphasis added); *see also* Fleet, 70 B.R. at 850 (in order to set aside a default, it must be shown "that the default was not the result of inexcusable or gross negligence or willful act"); Reid, 484 F.Supp. at 438 (same).

As the Court set forth in great detail in the preceding portion of the instant

11

opinion, the Debtors repeatedly exhibited reckless disregard for (a) the Court's procedures in general, (b) notices or warnings from the Court to comply with such procedures, and (c) the Court's procedure, in particular, to (i) rectify filing mistakes, and (ii) obtain relief from a default judgment entered as a result of such a mistake. As the Court also concluded above, such reckless disregard was entirely inexcusable. Consequently, the Debtors could not show when the Court entertained the Rule 60(b)(1) Motion – and they cannot presently demonstrate either – that they did not engage in culpable conduct, which conduct lends support for the Court's decision to deny the Rule 60(b)(1) Motion.

**B.     Whether vacating the Default Judgment would have visited prejudice on the Plaintiffs and other creditors in the instant case?**

In the Third Circuit, such prejudice can be found to exist if there was "substantial reliance on the [Default J]udgment." USN Communications, 288 B.R. at 396 (citing In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 127 (3rd Cir. 1999)). A loss of evidence also establishes such prejudice. *See* Id. As the Court set forth in great detail in the preceding portion of the instant opinion, substantial reliance on the Default Judgment and a loss of evidence from the Debtors' substantial delay in bringing the Rule 60(b)(1) Motion existed such that prejudice would have resulted had the Court granted the Rule 60(b)(1) Motion in August 2006. Such prejudice lends support for the Court's decision to deny the Rule 60(b)(1) Motion.

**C.     Whether the Debtors have a meritorious defense?**

In the Third Circuit, "a defendant seeking to set aside a default judgment [must] set forth with some specificity the grounds for his defense. The court must then evaluate that defense to determine whether it is meritorious." Harad, 839 F.2d at 982. The Debtors, in the "meritorious defense" section of the Rule 60(b)(1) Motion – and, for that matter, in the same section of their Reconsideration Motions – contend that they have successfully defended the Plaintiffs' objection to discharge because they have, subsequent to the entry of the Default Judgment, now satisfied all information requests of the Chapter 7 Trustee. Such contention by the Debtors is deficient for several reasons, however.

First, that the Debtors may have finally satisfied such information requests of the Chapter 7 Trustee subsequent to the entry of the Default Judgment that operated to deny the Debtors' discharge does not constitute a successful defense of a discharge objection brought, as was done by the Plaintiffs, under § 727(a)(5). The preceding conclusion follows (a) because, "in order to avoid the application of § 727(a)(5), the debtor must have made a satisfactory explanation prior to the time that a determination of non-discharge is made under this section," In re Gieseler, 14 B.R. 269, 270 (Bankr.E.D.Mich. 1981), and (b) since the Chapter 7 Trustee's information requests were not fully satisfied until at some point subsequent to the denial of the Debtors' discharge.

Second, and perhaps more significant, the Debtors' lone defensive position that they have now satisfied all information requests of the Chapter 7 Trustee is completely unresponsive to (a) the discharge objection advanced by

13

the Plaintiffs to the effect that their information requests have not yet been fully responded to by the Debtors, and (b) the position by Tetra Pak Credit that its information requests, even at this late date, have still yet to be satisfied by the Debtors. Moreover, the Court is absolutely certain that it has previously found, as a matter of fact, that some of the foregoing information requests were not satisfied prior to the date upon which the Debtors' discharge was denied, particularly given that the Court sanctioned the Debtors for such failure by Court Order dated June 19, 2006.

All of the foregoing leads the Court to at least substantially doubt whether the Debtors have, if not conclude outright at this time that the Debtors do not have, a meritorious defense to the discharge objection raised by Plaintiffs.

**D.    Conclusion.**

For all of the reasons just stated, the Court concluded, when denying the Rule 60(b)(1) Motion, that the Debtors failed each part of the three-part analysis devised by the Third Circuit for adjudicating Rule 60(b)(1) motions that have been brought to set aside default judgments. Because the Court's thinking regarding such three-part analysis has not changed in the intervening period between denial of the Rule 60(b)(1) Motion and the Court's entertaining of the Second Reconsideration Motion, the Court is constrained to deny the Second Reconsideration Motion.

**IV.**

For all of the foregoing reasons, the Court shall enter an appropriate order that denies with prejudice the Second Reconsideration Motion.

**BY THE COURT**

**/s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **JOSEPH STEPHEN TAYLOR, III, and** | : | |
| **LINDA MCCOMBS TAYLOR,** | : | |
| | : | **Bankruptcy No. 05-28605-MBM** |
| Debtors. | : | |
| | : | |
| **David Taylor and Michele Taylor,** | : | **Chapter 7** |
| Plaintiffs, | : | |
| | : | |
| v. | : | **Adversary No. 06-2045-MBM** |
| | : | |
| **Joseph Stephen Taylor, III, and** | : | |
| **Linda McCombs Taylor,** | : | |
| Defendants. | : | |

## ORDER OF COURT

**AND NOW,** this **19th day** of **December, 2006**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the motion by Joseph and Linda Taylor, the instant debtors and defendants in the instant adversary proceeding (hereafter "the Debtors"), for reconsideration of this Court's order dated October 5, 2006[1] (such motion is referred to as "the Second Reconsideration Motion" in the

---

[1] The Court's order dated October 5, 2006, denied, in turn, the Debtors' motion for reconsideration of this Court's order dated August 17, 2006 (such motion is referred to as "the First Reconsideration Motion" in the accompanying Memorandum), which latter order in turn denied the Debtors' motion to set aside this Court's entry of a default judgment against the Debtors by order dated March 3, 2006 (such motion is referred to as "the Rule 60(b)(1) Motion" in the accompanying Memorandum).

accompanying Memorandum), is **DENIED WITH PREJUDICE**.

**BY THE COURT**

      /s/
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

cm:    Darlene M. Nowak, Esq.
Marcus & Shapira
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219

Robert O Lampl, Esq.
John R. Lacher, Esq.
960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222

Charles Vollmer, Esq.
Roger M. Bould, Esq.
Vollmer Keating PC
Fort Pitt Commons, Suite LL300
445 Fort Pitt Boulevard
Pittsburgh, PA 15219

Natalie Lutz Cardiello, Esq.
107 Huron Drive
Carnegie, PA 15106